William R. BENNETT et al.,
Plaintiffs–Appellees,

v.

BEHRING CORPORATION, a Delaware
Corporation, Defendant–Appellant,

Al J. Schechter et al.,
Defendants–Appellees.

No. 78–2992
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1980.

Susan Goldman, Haddad & Josephs, Miami, Fla., for defendant–appellant.

Krupnick & Campbell, Jon E. Krupnick, Fort Lauderdale, Fla., John P. Freeman, Columbia, S. C., for William Bennett et al., plaintiffs–appellees.

Gary M. Farmer, Hollywood, Fla., for Al J. Schechter.

Before GODBOLD, REAVLEY and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

The appellant Behring Corporation appeals from an order of the district court overruling appellant's objections to the notice to absent class members. The court approved the notice and ordered it disseminated to the class. We dismiss the appeal for want of an appealable order.

This is a suit by Bennett and Wagner, plaintiffs, on behalf of themselves and all other persons who own dwellings in the City of Tamarac, Florida, against the Behring Corporation and other real estate developers for equitable relief and damages. Tamarac City is a planned retirement and vacation community developed by the appellant and other developers who are also defendants. Still pending in the district court are four counts, all certified as class

actions under Fed.R.Civ.P. 23(b)(3): Count II, to remove certain deed restrictions; Count III, for specific performance of a contract of purchase and sale to give free and clear title; Count IV, for damages for breach of a covenant to give free and clear title; and Count VII, for damages for antitrust violations. All these claims relate to restrictive covenants in the homeowners' deeds requiring them to pay maintenance costs and rents for recreational facilities in the various subdivisions of Tamarac City. The district court has certified a plaintiff class of all persons owning dwellings in Tamarac City. The class consists of approximately 8,500 people. This court has previously dismissed Behring's appeal of the order certifying the class on the ground that it was not a final, appealable order. *Bennett v. Behring Corp.*, 525 F.2d 1202 (5th Cir.), *cert. denied*, 425 U.S. 975, 96 S.Ct. 2175, 48 L.Ed.2d 798 (1976). The district court overruled Behring's objections to the notice and ordered the notice to be disseminated to the class members. The district court and this court declined to stay the dissemination of the notice pending appeal. The notices have been sent and many responses have been received. The plaintiffs have also mailed questions and answers to the class members pursuant to an order of the district court. These questions and answers significantly amplify the information contained in the original notice.

Appellant's objections to the notice fall into two categories: those challenging the method by which the notices were disseminated and those contesting the content of the notices.[1] Appellant's main complaint in the first category is that the addresses of class members were taken from tax rolls, notwithstanding the fact that many residents use their home solely as vacation or seasonal homes. Another complaint is that the notice was not disseminated on a section-by-section basis throughout the community.[2] The objections to the content of the notice are set forth in the footnote below.[3]

■ Appellant maintains that the order of the district court is appealable under the collateral order doctrine defined in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and recently applied by this court to permit appellate review of an interlocutory order concerning notice to class members. *In re Nissan Motor Corporation Antitrust Litigation*, 552 F.2d 1088 (5th Cir. 1977). We emphasize that *Nissan* did not create a *per se* rule permitting appeals from orders directing notice to class members. *See In re Corrugated Container Antitrust Litigation*, 611 F.2d 86 (5th Cir. 1980). Rather, each case must be considered individually and satisfy the three-pronged test for appeals of interlocutory collateral orders. *Nissan* restated that test:

> We recently noted, in *Litton Systems, Inc. v. Southwestern Bell Telephone Co.*, 539 F.2d 418, 425 (5th Cir. 1976), that for an interlocutory order to fall within the *Cohen* exception to finality, '(1) the substance of collateral orders must be independent and easily separable from the substance of other claims, (2) at least part of the question of collateralness is determined by the need to secure prompt review in order to protect important inter-

---

1. The objections are taken from appellant's brief at pp. 8–10.

2. Appellant also challenges the use of bulk rate mail rather than registered, certified or first class mail. The district court, however, amended its order to require the notices to be mailed by first class postage. We therefore conclude that this challenge has been adequately provided for.

3. (1) The notice fails to name all defendants.
(2) It fails to apprise class members of a counterclaim filed by Behring Corporation.

(3) It overemphasizes the plaintiffs' claims and deemphasizes the defendant's position.
(4) Notice fails to apprise class members that victory will mean voluntary support of the recreational facilities.
(5) The notice fails to give defendant's attorney's names and addresses.
(6) The notice fails to inform class members of all options including enforcement of declaration of restrictions.
(7) The notice makes no mention of thirty-three additional defendants who have been joined as indispensable parties.

ests of any party, and (3) the finality issue is to be examined in light of practical, rather than narrowly technical, considerations.' *Quoting Diaz v. Southern Drilling Co.,* 427 F.2d 1118, 1123 (5th Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970).

552 F.2d at 1094–5. In addition, the questions to be reviewed must be serious and unsettled questions of general applicability. *See In re Corrugated Container Antitrust Litigation, supra.*

We first consider the appealability of appellant's challenge to the method or procedure for disseminating the notice. We do not believe that these objections satisfy the *Cohen* criteria. While the class notice order is probably separable from and collateral to the substantive claims, we do not believe there is need in this case for "prompt review in order to protect important interests of any party." *In re Nissan Motor Corporation Antitrust Litigation,* 552 F.2d at 1094–5. The appellant suggests that sending notices to the addresses on the tax rolls is not reasonably calculated to inform class members who use the homes only temporarily. We note that this class consists of 8,500 persons many, if not most, of whom are permanent residents. The community is well–defined, both demographically and geographically. In addition to mailing the notice and question and answers by first class mail, the plaintiffs have also published the notices in the community newspaper and posted them in public places throughout the community. The potential that class members will receive notice is

high. Furthermore, appellant's objection that the notices were not distributed on a section–by–section basis throughout the community does not present a significant issue. The overriding issue, that of the restrictive covenants, is common to all class members regardless of which subdivision their homes are located. Moreover, the opt–out requests can be and have been easily correlated to the subdivision of the opting–out class member. It is evident, therefore, that the objections to the class notice order are not nearly so compelling as those in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) (order was appealable under *Cohen* where it required defendants to pay 90% of the costs of giving notice without assurances that they would be reimbursed should they prevail on the merits) or as in *In re Nissan Motor Corporation Antitrust Litigation,* 552 F.2d 1088 (class notice order was appealable where it omitted a substantial number of the certified class members. We reasoned that should the order be reversed on appeal from a final judgment, there would be no funds for a second round of notices and "the lawsuit could be thwarted effectively." *Id.* at 1095). *Eisen* and *Nissan* represent cases where one or the other party faced irreparable harm from the order directing class notice. In the case at hand, there is no suggestion of similar irreparable harm. The district court did not require the appellant to pay for any of the cost of identifying class members or of disseminating the notice.[4] The size of the class is much more

---

4. The court's concern with the costs of giving class notice is a common factor in each case where the class notice order was reviewed under the *Cohen* doctrine. In *Eisen,* the parties opposing the class were ordered to pay 90% of the cost of giving notice without any assurances that they would be reimbursed if they ultimately prevailed. *See also Sanders v. Levy,* 558 F.2d 636, 638–9 (2d Cir. 1976), *rev'd. on other grounds sub nom., Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 347 n.8, 98 S.Ct. 2380, 2387, 57 L.Ed.2d 253 (1978) (order requiring party opposing the class action to bear a significant burden of the costs of identifying names and addresses of class members held reviewable under *Cohen* ); *Peritz v. Liberty Loan Corp.,* 523 F.2d 349, 352 (7th Cir. 1975).

In fact, one commentator opined that although the *Eisen* decision did not explicitly say so, "it could easily be concluded that as in *Cohen,* defendants might not have an effective remedy to recover their share of the costs, estimated at nearly $20,000, on appeal from a truly final judgment." 15 C. Wright and A. Miller, *Federal Practice and Procedure* § 3911, p. 476 (1976). *See also Ruiz v. Estelle,* 609 F.2d 118, 120 n.2 (5th Cir. 1980). Such a situation would constitute irreparable injury warranting interlocutory appellate review.

In *Nissan,* we were concerned that the class fund would be so depleted after an appeal from a truly final judgment that there would not be enough money to meet the costs of another round of notices. The litigation would be

manageable than in *Eisen* or *Nissan*, which involved hundreds of thousands of class members scattered throughout the United States. Indeed, two rounds of notices have been issued. Should a final judgment be rendered requiring reversal on these procedural questions, it would not be a significant burden upon the plaintiff to remedy the defects by another round of notices. The litigation would not be "thwarted." *See In re Nissan Motor Corporation Antitrust Litigation*, 552 F.2d at 1095. In any event, the appellant here can hardly complain that the litigation would be thwarted. Appellant also argues that if the question is not settled now, the case may later be reversed on grounds of insufficient notice to the class and it will be deprived of any *res judicata* effect on claims by absent class members. If such a situation were deemed to constitute irreparable harm, then any order concerning the method or contents of class notice would be reviewable under *Cohen*. This is clearly not the case.

Furthermore, we do not believe that the objections to the procedures raise such serious and unsettled questions to justify piecemeal review. As we said, the manner chosen by the district court creates a likelihood that the class members will receive notice of the class action.

Having concluded that the appellant's objections to the procedure for giving notice do not satisfy the *Cohen* doctrine for appealability, we now consider whether its objections to the content of the notice satisfy that criteria. The thrust of the appellant's objection to the content is that it does not adequately inform the class members of the nature and potential effect of its counterclaim. We have recently observed that "[n]o case of which we are aware has reviewed the content of notice to absent class members under the *Cohen* doctrine." *In re Corrugated Container Antitrust Litigation*, 611 F.2d at 88. Indeed, in *Corrugated Container*, we refused to review the content of

the class notice on the grounds that (1) the contents of the notice could be reviewed on appeal from a final judgment with little difficulty; (2) the appellant failed to articulate an important interest effected by the notice; and (3) disposition of the matter on interlocutory appeal would not settle an issue of general applicability but would only decide the propriety of the notice in the particular case on review. *See also Weit v. Continental Illinois National Bank and Trust Co. of Chicago*, 535 F.2d 1010, 1014–5 (7th Cir. 1976); *Bauman v. United States District Court*, 557 F.2d 650, 656–8 (9th Cir. 1977). Significantly, the appellant in *Corrugated Container* argued that the notice was overly optimistic about the class' prospects for recovery and that the notice had the effect of swelling the ranks of the plaintiff class to the appellant's prejudice. We concluded that this argument did not implicate "an 'important' interest within the scope of the *Cohen* rule." 611 F.2d at 88. Likewise, appellant Behring Corporation argues that the notice does not adequately describe its counterclaim and the consequences of victory for the plaintiffs so that the class members can make an intelligent choice to stay in or opt–out. Behring is thus expressing the same concern about swelling the ranks of the plaintiff class that were expressed and rejected in *Corrugated Container*. We believe our decision in *Corrugated Container* controls the question of whether objections to the content of class notice are subject to review under *Cohen*. They are not.

APPEAL DISMISSED.[5]

---

"thwarted effectively," thereby causing irreparable injury to the plaintiffs. The situation at hand does not fit within either the *Eisen* theory of irreparable harm or within the *Nissan* theory of irreparable harm.

5. Since we dismiss the appeal, the various pending motions are rendered moot.