UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert I. GULLEDGE,
Defendant-Appellant.

No. 83–7118.

United States Court of Appeals,
Eleventh Circuit.

Aug. 21, 1984.

Thomas M. Haas, Christopher Knight, Mobile, Ala., for defendant-appellant.

J.B. Sessions, III, U.S. Atty., Mobile, Ala., Mervyn Hamburg, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

* Honorable Clarence W. Allgood, U.S. District Judge for the Northern District of Alabama, sitting by designation.

Before RONEY and KRAVITCH, Circuit Judges, and ALLGOOD *, District Judge.

KRAVITCH, Circuit Judge:

A grand jury returned a seventeen count indictment against appellant Robert I. Gulledge and two codefendants [1] for their activities allegedly violating federal false statement statutes and laws regulating the conduct of Federal Land Bank employees. Gulledge was named as a defendant in only Count One (conspiracy to violate false statement statutes and to misapply bank funds, 18 U.S.C. § 371), Count Two (unlawful sharing of Federal Land Bank funds, 18 U.S.C. §§ 1006 and 2), and Count Sixteen (knowingly making materially false statements on loan applications, 18 U.S.C. § 1014).

The three defendants pleaded not guilty, and the case proceeded to trial. At the close of the government's case, the defendants each moved for judgment of acquittal, maintaining that the prosecution failed to present sufficient evidence to support a conviction. After hearing oral argument, the district court entered a judgment of acquittal for appellant Gulledge as to Count Two, but denied the motions as to all other counts. At the conclusion of all testimony, the three defendants renewed their motions for judgment of acquittal, which the district court denied.

With the exception of Count Fifteen, the jury found Gulledge's codefendants guilty on all counts for which they were charged. After resuming further deliberations, however, the jury advised the court that they were unable to reach a verdict on Count Fifteen as to one of Gulledge's codefendants and on Counts One and Sixteen as to appellant Gulledge. The court declared a

1. Gulledge's codefendants, Weldon Rushing Payne and Lloyd Earl Taylor, do not join appellant in any of the issues raised in this appeal.

584

mistrial as to those counts, and dismissed the jury.

After the mistrial was declared, Gulledge moved to bar retrial, claiming that a second trial would violate his rights under the double jeopardy clause of the fifth amendment. Gulledge also filed a motion *in limine* to prohibit the government from presenting additional evidence at the second trial that it did not introduce during the first proceeding. The district court denied both motions, and Gulledge appealed.

Appellant raises three issues: (1) whether the evidence was sufficient to convict him under Counts One and Sixteen, (2) whether retrial of Counts One and Sixteen is barred under the double jeopardy clause of the fifth amendment when the district court has declared a mistrial after the jury was unable to reach a verdict, and (3) assuming retrial is constitutional, whether the double jeopardy clause is violated by the prosecution's use of evidence at the second trial that was not introduced at the first. Preliminarily, however, we must decide whether these issues are appealable at this stage of the proceeding. We hold that they are not and therefore dismiss the appeal for lack of jurisdiction.

■ The general principle of federal appellate jurisdiction requires that review of civil and criminal proceedings await their termination by final judgment. *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 656, 7 L.Ed.2d 614 (1962). This principle currently is embodied in 28 U.S.C. § 1291, which grants the federal courts of appeals jurisdiction to review "all final decisions of the district courts." The rule of finality has been stringently applied in criminal prosecutions because the delays of intermediate appeal have the potential to disrupt the effective administration of the criminal law. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

■ Appellant's first issue may be dismissed summarily. His challenge to the

sufficiency of the evidence is no more than an appeal from the denial of his motions for judgment of acquittal. The denial of a motion for a judgment of acquittal is neither a final decision nor an interlocutory order and is not appealable until a final decision has been rendered. *United States v. Rey*, 641 F.2d 222, 225–26 (5th Cir.), *cert. denied*, 454 U.S. 861, 102 S.Ct. 318, 70 L.Ed.2d 160 (1981); *United States v. Wilkinson*, 601 F.2d 791, 794 (5th Cir.1979).[2] Because the purported insufficiency of the evidence in the first trial is reviewable by this court only on appeal from a conviction after a second trial, *id.*, we have no jurisdiction over appellant's first claim of error.

■ Appellant next claims that the double jeopardy clause would be violated by retrying him after the jury was unable to reach a verdict in the first trial. Because no court or jury has found that the evidence against Gulledge was legally insufficient to support a conviction, this issue is controlled by the Supreme Court's recent decision in *Richardson v. United States*, ___ U.S. ___, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984). Richardson brought the same claim Gulledge raises here. The jury was unable to reach a verdict on two of the charges against him. The district court declared a mistrial as to the two remaining counts and scheduled a new trial, at which point Richardson renewed an earlier motion for judgment of acquittal based on the legal insufficiency of the evidence. At the same time, he argued that retrial was barred by the double jeopardy clause. The Supreme Court disagreed. Reasoning from the generally recognized principle that the double jeopardy clause by its terms applies only if there has been some event which terminates the original jeopardy, the Court held that retrial of Richardson was not barred:

> [A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy to which petitioner was subjected. The

**2.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions

of the former Fifth Circuit rendered prior to October 1, 1981.

Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree. Regardless of the sufficiency of the evidence at petitioner's first trial, he has no valid double jeopardy claim to prevent his retrial.

104 S.Ct. at 3086. *Cf. Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (once a defendant obtains unreversed appellate ruling that the government failed to introduce sufficient evidence to convict, second trial is barred by double jeopardy clause).

Although the Court held as a preliminary matter that the court of appeals had jurisdiction over the appeal because Richardson's double jeopardy argument presented a properly appealable "colorable" claim, 104 S.Ct. at 3084, the effect of the decision is that henceforth such claims may not be appealed before final judgment. The Court has recognized an exception to the rule of finality for a pretrial motion to dismiss an indictment on double jeopardy grounds when the motion to dismiss has at least "colorable" validity. 104 S.Ct. at 3084; *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 1554, 56 L.Ed.2d 18 (1978). The exception is justified by the need to protect a defendant's right not to be tried twice for the same offense, but applies only when the double jeopardy claim is not frivolous. *Abney,* 97 S.Ct. at 2041, 2042 n. 8. After the Supreme Court's holding that Richardson's claim ultimately had no validity, however, double jeopardy claims following a mistrial resulting from a hung jury are, as a matter of law, no longer colorable.[3] Although the Court initially deemed the claim colorable because the issue was

unsettled in the lower courts, *Richardson* conclusively has ended the debate. In a footnote, the Court expressly so held:

It follows logically from our holding today that claims of double jeopardy such as petitioner's are *no longer "colorable" double jeopardy claims which may be appealed before final judgment.* A colorable claim, of course, presupposes that there is some possible validity to a claim. . . . Since no set of facts will support the assertion of a claim of double jeopardy like petitioner's in the future, *there is no possibility that a defendant's double jeopardy rights will be violated by a new trial,* and there is little need to interpose the delay of appellate review before a second trial can begin.

104 S.Ct. at 3086 n. 6 (citations omitted) (emphasis added). Because Gulledge's second ground of appeal does not raise a colorable claim, we must dismiss it for lack of jurisdiction.

Appellant's third claim asserts error in the district court's denial of his motion *in limine* to limit the evidence in his second trial to substantially the same evidence introduced in the first, on the ground that the double jeopardy clause bars the introduction of additional evidence in a retrial following a hung jury.

■ A pretrial denial of a motion *in limine* obviously is not a final order in the sense that it terminates the criminal proceedings in the district court. *See Abney,* 97 S.Ct. at 2038. Nevertheless, when such a pretrial order raises a double jeopardy claim, it may fall within the so-called "collateral order" exception to the final judgment rule first announced in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

---

3. Prior to *Richardson,* this circuit's law required dismissal of such claims for lack of jurisdiction on the theory that appellant's double jeopardy claim was, in reality and substance, no more than a "thinly disguised attempt" to seek intermediate review of his motion to acquit based on insufficient evidence. *See United States v. Becton,* 632 F.2d 1294, 1296 (5th Cir.1980), *cert. denied,* 454 U.S. 837, 102 S.Ct. 141, 70 L.Ed.2d 117 (1981). The court in *Richardson* disagreed

with this rationale, 104 S.Ct. 3083 n. 4, and held that double jeopardy appeals of this sort are not premature simply because they require the appellate court to review the sufficiency of the evidence presented in the first trial, *id.* at 3084. Nevertheless, after *Richardson* the practice in this circuit remains unchanged; double jeopardy appeals like Gulledge's shall be dismissed for lack of jurisdiction, albeit on different grounds.

*Cohen* recognized a "small class" of district court decisions that finally determine claims collateral to other rights asserted in the action and that are too important to be deferred until the whole case is adjudicated. *Id.* at 1225. The small class of cases defined in *Cohen* consists of intermediate decisions satisfying three criteria: (1) the district court's order must fully dispose of the question, (2) the issue must be completely collateral to the cause of action asserted, and (3) the decision must involve an important right that would be "lost, probably irreparably," if review must await final judgment. *Id.* at 1226. Because Gulledge's appeal on this ground fails to satisfy the third element of the *Cohen* test, we dismiss the appeal as premature.[4]

*Abney, supra,* held that some claims of double jeopardy may come within the *Cohen* exception. The defendant there obtained a reversal of his first conviction in the court of appeals on the ground that inadmissible evidence had been introduced at trial. Before the second trial began, he moved to dismiss the indictment on double jeopardy grounds. The district court denied the motion, and on immediate appeal the court of appeals affirmed. The Supreme Court held that the court of appeals properly exercised jurisdiction over the appeal because all of the *Cohen* factors were present. Critical to its decision was the Court's observation that the defendant, if unable to appeal immediately, would be forced to undergo a second trial before he could obtain an appellate ruling on his double jeopardy claim. Recognizing that the double jeopardy clause protects an individual against multiple trials as well as multiple punishments, the Court found the third criterion satisfied:

> [T]hese aspects of the guarantee's protection would be lost if the accused were forced to "run the gauntlet" a second time before an appeal could be taken; even if the accused is acquitted, or, if convicted, has his conviction ultimately reversed on double jeopardy grounds, he has still been forced to endure a trial that the Double Jeopardy Clause was designed to prohibit.

97 S.Ct. at 2041.

■ This case presents no risk that Gulledge's right not to be twice put in jeopardy will be inadequately protected if he is forced to withstand retrial before obtaining a review of the district court's denial of his motion *in limine.* We already have held that this court has no jurisdiction at this juncture over his appeals contesting the legal sufficiency of the evidence against him and the district court's denial of his motion to dismiss the indictment. As a result, there is no bar to a second trial. If Gulledge believes that the introduction of certain evidence at his second trial will constitute double jeopardy or violate any other rights, he may press the claim in the district court and on appeal after final judgment has been entered against him. Unlike the defendant in *Abney,* Gulledge will undergo a second trial regardless of our ruling on his motion *in limine.* Consequently, full protection of his fifth amendment right does not depend on appellate review at this time. Because the third *Cohen* criterion is not satisfied, Gulledge's

---

4. We express no opinion on the other two prongs of the *Cohen* test. Likewise, because we hold that the appeal of this issue does not come within the *Cohen* exception, we do not decide whether the double jeopardy claim alleged in Gulledge's motion *in limine* has colorable validity. Even appeals satisfying the *Cohen* criteria must be at least colorable before they may be appealed before final judgment. *See Richardson,* 104 S.Ct. at 3083–3084; *Abney,* 97 S.Ct. at 2042 n. 8.

The collateral order doctrine of *Cohen* has been phrased slightly differently in this circuit's case law. The order must: (1) be independent and easily separable from the substance of the

other claims in the action, (2) present a need to secure prompt review in order to protect important interests of any party, and (3) be examined in the light of practical, rather than technical, considerations. *Matter of Covington Grain Co.,* 638 F.2d 1357, 1360 (5th Cir.1981); *Bennett v. Behring Corp.,* 629 F.2d 393 (5th Cir.1980). Because the second prong under this formulation corresponds to *Cohen's* third criterion, Gulledge's claim, which does not require prompt review in order to protect his fifth amendment right, fails under this test as well. We express no opinion on the other two criteria in the *Covington Grain* test.

final claim is dismissed for lack of jurisdiction.

APPEAL DISMISSED.