[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13505

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KELVIN LARON HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cr-00026-JRH-BKE-1

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. On October 23, 2023, Kelvin Laron Howard, *pro se*, filed a notice of appeal designating "the order" denying his motion to dismiss the criminal prosecution against him for lack of jurisdiction. However, the district court had not resolved, or even addressed, that motion at that time. On November 30, 2023, the district court entered an oral order denying the motion.

Howard's notice of appeal was premature, as he cannot appeal an expected or contemplated order. *See* Fed. R. App. P. 3(c)(1)(B); *Bogle v. Orange Cnty. Bd. of Cnty. Comm'rs*, 162 F.3d 653, 661 (11th Cir. 1998) ("Rule 3(c) requires that a notice of appeal designate an existent judgment or order, not one that is merely expected or that is, or should be, within the appellant's contemplation when the notice of appeal is filed."). Because the district court had not resolved Howard's motion to dismiss, or otherwise entered any appealable order, when Howard filed his notice of appeal, we lack jurisdiction over this appeal. *See Bogle*, 162 F.3d at 661 (dismissing premature appeal of sanctions order because "the notice of appeal in this case does not confer jurisdiction over a sanctions order that was entered almost two months after the notice of appeal was filed"); *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986) ("[W]e cannot find the [appellant] to have intended her notice of appeal to constitute an appeal from the order of permanent injunction, as that order had not yet been entered when her

23-13505                 Opinion of the Court                        3

notice of appeal was filed."); *see also United States v. Gulledge*, 739 F.2d 582, 584 (11th Cir. 1984) (noting that the general rule that an appeal may be taken from only a final judgment "has been stringently applied in criminal prosecutions"); *United States v. Curry*, 760 F.2d 1079, 1079 (11th Cir. 1985) ("In a criminal case the final judgment means the sentence.").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.