[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-11655

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SCOTT LEE HUSS,
a.k.a. jryako,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:25-cr-20087-KMM-1

————————————————

2                          Opinion of the Court                          25-11655

Before JILL PRYOR, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Scott Lee Huss was recently indicted, arrested, and detained pending trial. Proceeding *pro se*, Huss filed a notice of appeal that we liberally construe as challenging his February 27, 2025, indictment; the district judge's April 25, 2025, paperless order denying his *pro se* motion to dismiss the indictment and for release; and the magistrate judge's April 28, 2025, order granting the government's motion for pretrial detention. *See* Fed. R. App. P. 3(c)(1)(B), (c)(7) (requiring that a notice of appeal designate the appealed order or judgment but providing that failure to do so is not fatal to the appeal); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 80 (11th Cir. 2001) (explaining that we liberally construe the requirements of Rule 3); *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (explaining that we liberally construe *pro se* filings).

Neither the indictment nor either of those orders is a final or otherwise appealable decision. First, to the extent Huss seeks review of the indictment itself, it is not a decision by the district court, much less a final decision. *See* 28 U.S.C. § 1291 (providing that the courts of appeals have jurisdiction over "appeals from all final decisions of the district courts"); *United States v. Gulledge*, 739 F.2d 582, 584 (11th Cir. 1984) (explaining that the final judgment rule applies in criminal cases).

Second, the April 25, 2025, paperless order denying the *pro se* motion is not final because it left charges against Huss pending,

and it is not appealable as a collateral order because it is not collateral to the merits of the case. *See* 28 U.S.C. § 1291; *Flanagan v. United States*, 465 U.S. 259, 263-65 (1984) (explaining that appellate review is generally prohibited in a criminal case until the defendant has been convicted and sentenced); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) (defining the "small class" of decisions that are immediately appealable under the collateral order doctrine). Additionally, Huss's motion did not contain a cognizable legal argument, much less a cognizable argument for a right that would be irretrievably lost if our review were postponed; it instead appears to have sought dismissal on the grounds of equitable subrogation, suretyship, and the doctrine of trust merger. *See Flanagan*, 465 U.S. at 266 (explaining that orders denying certain motions to dismiss indictments can be appealable under the collateral order doctrine); *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005) (explaining, however, that "frivolous claims . . . do not afford appellate courts jurisdiction to review interlocutory orders").

Third, the April 28, 2025, order granting the government's motion for pretrial detention is not appealable because it was entered by a magistrate judge and has not been rendered final by a district judge. *See United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) ("The law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates."); *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009) (explaining that we are bound to follow *Renfro* under our prior panel precedent rule); *see also* 28 U.S.C. § 3145(b)-(c) (providing for appeal of a

4                          Opinion of the Court                          25-11655

detention order from a magistrate judge to the district court and, separately, for appeal to us under 28 U.S.C. § 1291).

Accordingly, this appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. 40-3 and all other applicable rules.