611 F.2d 86
 1980-1 Trade Cases 63,173
 In re CORRUGATED CONTAINER ANTITRUST LITIGATION.
STEERING COMMITTEE et al., Plaintiffs-Appellees,
v.
MEAD CORPORATION et al., Defendants-Appellants.
In re CORRUGATED CONTAINER ANTITRUST LITIGATION.
STEERING COMMITTEE et al., Plaintiffs-Appellees,
v.
GEORGIA-PACIFIC CORPORATION et al., Defendants-Appellants.
 Nos. 79-3064, 79-3397.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 30, 1980.
 
 Mandell & Wright, Stephen D. Susman, Houston, Tex., for Chairman of Steering Committee.
 Sullivan & Cromwell, William R. Norfolk, James E. Tyrrell, New York City, for Crown Zellerbach Corp.
 Eckert, Seamans, Cherin & Mellott, Ray C. Stoner, Michael R. Borasky, Cloyd R. Mellott, J. Gary Kosinski, Pittsburgh, Pa., for Georgia-Pacific Corp.
 
 
 1
 Skadden, Arps, Slate, Meagher & Flom, Leslie H. Arps, New York City, for Westvaco Corp.
 
 
 2
 Charles E. Hanger, San Francisco, Cal., for Fibreboard Corp.
 
 
 3
 I. Walton Bader, White Plains, N. Y., for Three J. Farms Inc., U. S. Textile Corp., et al., South Carolina class plaintiffs, amicus curiae.
 
 
 4
 Appeals from the United States District Court for the Southern District of Texas.
 
 
 5
 Before TJOFLAT, FAY and FRANK M. JOHNSON, Jr., Circuit Judges.
 
 FRANK M. JOHNSON, Jr., Circuit Judge:
 
 6
 Defendants in the present multidistrict civil antitrust actions seek appellate review of orders of the District Court for the Southern District of Texas concerning the content of notice to absent class members in the litigation. We dismiss for lack of an appealable order.
 
 
 7
 Title 28 U.S.C. § 1291 grants jurisdiction to the courts of appeals over "final decisions" of the district courts. Defendants make no claim that this Court should consider the present controversy under the general provision of that statute. Similarly, defendants do not contend that the orders to which they object fall within those statutory exceptions to the finality rule enumerated in 28 U.S.C. § 1292 nor under the rubric of Rule 54(b) of the Federal Rules of Civil Procedure. Rather, appellants rest their contention that the orders involved here are appealable on the doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Cohen, however, fails them.
 
 
 8
 Cohen recognizes a "small class" of judicial decisions that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."
 
 
 9
 337 U.S. at 546, 69 S.Ct. at 1226. Further, only "serious and unsettled question(s)" come within the meaning of the Cohen rule. Id. at 547, 69 S.Ct. 1221; See Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe, 599 F.2d 707, 712 (5th Cir. 1979); In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1095 (5th Cir. 1977); Weit v. Continental Ill. Nat'l Bank & Trust Co., 535 F.2d 1010, 1015 (7th Cir. 1976); Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l, Inc., 455 F.2d 770, 773 (2d Cir. 1972).
 
 
 10
 For a number of reasons, the Cohen rule does not permit our consideration of the present appeal. Defendants' objections to the notice to absent class members go to the adequacy of the information provided in the notice. Defendants raise concerns that the interests of class members have been jeopardized[1] and that the requirements of Nissan, supra, have not been met.[2] No case of which we are aware has reviewed the content of notice to absent class members under the Cohen doctrine.[3] Indeed, in Weit, supra, cited with approval by this Court, the Seventh Circuit specifically rejected the application of the Cohen rule to complaints concerning content of class notice. 535 F.2d at 1015. See also Bauman v. United States District Court, 557 F.2d 650, 657 (9th Cir. 1977).
 
 
 11
 Further, we perceive no "need to secure prompt review in order to protect important interests." Nissan, supra, 552 F.2d at 1094-95. As in Weit, supra, 535 F.2d at 1015, and Bauman, supra, 557 F.2d at 657, the content and form of notice can be reviewed on appeal without great difficulty. Moreover, here defendants primarily complain that the notice as ordered by the district court would serve as a " 'virtual advertisement for the assertion of claims' from which one would conclude that the litigation had considerable merit, and (that) the recipient could expect a substantial recovery from (non-settling defendants) at a later date . . . ."[4] Therefore, defendants contend, they will be prejudiced by a swelling in the ranks of class plaintiffs and, accordingly, trial strategy and the settlement value of the case will be distorted. Every trial court decision affects trial strategy. Defendants have failed to articulate an "important" interest within the scope of the Cohen rule.
 
 
 12
 Finally, there is present here no "serious and unsettled question" of law to resolve.[5]
 
 
 13
 "The Cohen exception . . . does not reach those orders . . . that do not involve important and unresolved legal questions. . . . The questions (at issue here) will not conclusively settle any issue other than the Propriety of the notice in this particular case under the facts here involved. If review were to be granted on this appeal, we see no reason why almost every order specifying the form and content of notice in a class action would not be appealable. Such a result would not be compatible with the strong federal policy against most interlocutory appeals, and the sound reasons for the final judgment rule."
 
 
 14
 Beef Indus. Antitrust Litigation, supra, 607 F.2d at 182, (quoting Weit, supra, 535 F.2d at 1015) (emphasis added).
 
 
 15
 The Cohen doctrine should be strictly construed. North Am. Acceptance Corp. Securities v. Arnall, Golden & Gregory, 593 F.2d 642, 645 (5th Cir. 1979); See Litton Systems, Inc. v. Southwestern Bell Tel. Co., 539 F.2d 418, 425 (5th Cir. 1976); Weit, supra, 535 F.2d at 1014; International Bus. Mach. Corp. v. United States, 480 F.2d 293, 298 (2d Cir. 1973) (en banc), Cert. denied, 416 U.S. 979, 94 S.Ct. 2413, 40 L.Ed.2d 776 (1974); Weight Watchers, supra, 455 F.2d at 773. This multidistrict antitrust litigation is of nearly unprecedented scope. The certificate of interested parties indicates over 140 corporate plaintiffs and defendants in the litigation and the proposed partial settlement totals roughly $300 million. Before the litigation is completed, the case will undoubtedly present numerous opportunities for parties dissatisfied with some aspect of a court ruling to claim entitlement to appellate review. In the context of such complex litigation it is important to remember that "we must be parsimonious in our analysis of appealability." North Am. Acceptance Corp. Securities, supra, 593 F.2d at 645. We emphasize that we must consider "the hazard that piecemeal appeals will burden the efficacious administration of justice and unnecessarily protract litigation . . . ." Nissan, supra, 552 F.2d at 1094. As Mr. Justice Frankfurter noted for the Court in Radio Station WOW, Inc. v. Johnson, 326 U.S. 120, 124-25, 65 S.Ct. 1475, 1478, 89 L.Ed. 2092 (1945) "(The finality) requirement has the support of considerations generally applicable to good judicial administration. It avoids the mischief of economic waste and of delayed justice. Only in very few situations, where intermediate rulings may carry serious public consequences, has there been a departure from this requirement of finality for federal appellate jurisdiction."
 
 
 16
 APPEALS DISMISSED.
 
 
 
 [1]
 Appellants' solicitude of the interests of class members is commendable. Nevertheless, there remain questions regarding the standing of defendants to raise that concern. See In re Beef Indus. Antitrust Litigation, 607 F.2d 167, 172 (5th Cir. 1979); Seiffer v. Topsy's Int'l, Inc., 70 F.R.D. 622, 627-28, nn. 5 & 6 (D.Kan.1976)
 
 
 [2]
 Our decision in Nissan reached, among others, questions of the content requirements of a class notice. We held in Nissan that notice must "contain an adequate description of the proceedings written in objective, neutral terms, that, insofar as possible, may be understood by the average absentee class member." 552 F.2d at 1104. It is not required, however, "that (class members) be made cognizant of every material fact that has taken place prior to the . . . notice." Id. In Nissan, the defect in the notice to which the Plaintiffs complained was its omission of any information concerning a proposed partial settlement. Id. at 1105. Conversely, in the present case defendants urge that the notice overemphasizes the proposed settlements
 
 
 [3]
 Defendants argue that Nissan mandates consideration of claimed content deficiencies under the rule of Cohen. Nissan most clearly does not support the contention. In Nissan plaintiffs complained of two orders of the district court. This Court determined that the first order (concerning notice procedures and the apportionment of the costs of those procedures) merited appellate consideration under Cohen. 552 F.2d at 1095-96. The Court also reached the question of the content of the notice (the second order). It did so not under Cohen, however, but because it had already determined to review one aspect of the class notice in the case. The Court stated that the two orders were "sufficiently closely related to justify the review of both." Id. at 1096
 
 
 [4]
 Nissan, supra, 552 F.2d at 1103. The quote from Nissan is the position asserted there by defendants. The argument, however, was rejected in favor of including information of the proposed settlement in the notice
 
 
 [5]
 Defendants urge that the issue meriting appellate consideration here is whether the notice ordered meets the notice requirements of Nissan. The argument, however, fails of its own weight. The admission that Nissan provides appropriate standards demonstrates that there is present here no "question of general importance beyond the immediate concern of the particular litigants." 9 Moore, Federal Practice, P 110.10 at 133 (1975)