747 F.2d 174
 36 Fair Empl.Prac.Cas. 258,
35 Empl. Prac. Dec. P 34,758, 40 Fed.R.Serv.2d 341
 LUSARDI, Jules; Walter N. Hill; James Marr, Jr. and John
F. Weiss, individually, and on behalf of all other persons
similarly situated, Arthur Bickman, Martin J. Cocca, Carl B.
Heisler, Raymond C. Loyer, Donald P. Miller, Robert C.
Patterson, Anthony T. Salvatore, Eldon Sheldon, Michael
Sylvestri, individually, and on behalf of all other persons
similarly situated, Appellees,
v.
XEROX CORPORATION, a New York corporation, Appellant.
 Nos. 84-5060, 84-5068.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 11, 1984.
Decided Oct. 31, 1984.
 
 Jaffe & Schlesinger, P.A., Springfield, N.J., Cole, Geaney, Yamner & Bryne, Paterson, N.J., Robert H. Jaffe (argued), Springfield, N.J., Steven I. Adler, Patterson, N.J., on the brief, for appellees; Fred A. Freund (Argued), William C. Zifchak, Peter C. Harvey, New York City, of counsel.
 Kaye, Scholer, Fierman, Hays & Handler, New York City, Stryker, Tams & Dill, Newark, N.J., Alfred H. Hoddinott, Jr., Stamford, Conn., for appellant.
 Before ADAMS, HIGGINBOTHAM and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 This is an appeal from an order conditionally certifying a class and directing notice to potential class members in an age discrimination suit brought against appellant, Xerox Corporation. Xerox argues that the order conditionally certifying the class is appealable under the collateral order doctrine announced in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We disagree, and dismiss the appeal on the ground that we have no appellate jurisdiction at this time.
 
 I.
 
 2
 Jules Lusardi and three other plaintiffs filed this class action against Xerox on March 8, 1983, pursuant to section 7 of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. Sec. 626 (1982). The amended complaint, filed March 24, 1983, alleged that Xerox has a nationwide policy and practice of age-based discrimination. Plaintiffs sought class certification, and Xerox responded with motions to strike certain allegations in the amended complaint, or in the alternative to dismiss the amended complaint.
 
 
 3
 On August 31, 1983, the district judge ordered that while a rule 23(b)(2), Fed.R.Civ.P., class action would be improper, he would conditionally certify an opt-in class under Sec. 7(b) of the ADEA upon the filing of a second amended complaint. Section 7(b) of the ADEA incorporates by reference Sec. 16 of the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 216(b) (1982), which provides that "[n]o employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." On January 31, 1984, after the second amended complaint had been filed and a hearing had been held on the propriety of class certification and notice, the district court directed, inter alia, that the class be conditionally certified,[1] that Xerox provide plaintiffs with a list of all potential class members, and that plaintiffs provide notice of the impending suit to the persons so identified by Xerox.[2] App. at 351-54; see also Lusardi v. Xerox Corp., 99 F.R.D. 89 (D.N.J.1983). The court characterized the notice and questionnaire as a discovery device that ultimately would enable it to determine whether a group of "similarly situated" individuals in fact exists. App. at 239-40. It stated that if the evidence elicited by the questionnaires and consent forms did not demonstrate an adequate number of sufficiently similar claims, class certification would be withdrawn. App. at 233-35. The court declined to certify its order for interlocutory appeal.
 
 
 4
 The terms of the notice, consent form, and questionnaire were agreed to by counsel for the parties. The notices, which were mailed on February 24, 1984, stated that Xerox had denied liability, that class certification was conditional, and that subsequent decertification "may result in any consent to this Notice being vacated."
 
 
 5
 On February 1, 1984, Xerox simultaneously filed a notice of appeal from the court's order and a petition for a writ of mandamus. The mandamus petition, which advanced similar arguments to those that Xerox makes in the present appeal, was denied by this Court on February 9, 1984. Thereafter, plaintiffs filed a motion to dismiss Xerox' appeal and to award costs and attorneys' fees. Xerox filed a cross-motion seeking costs and attorneys' fees with respect to the appellees' motion to dismiss the appeal.
 
 II.
 
 6
 The merits of Xerox' appeal raise novel and unresolved questions. There is substantial support in the case law for Xerox' position that a district court may not authorize a class-based notice in an ADEA action. See, e.g., Dolan v. Project Construction, 725 F.2d 1263 (10th Cir.1984); Kinney Shoe Corp. v. Vorhes, 564 F.2d 859 (9th Cir.1977). But there is equally strong precedent supporting the district court's order authorizing notice to a conditional ADEA class. See, e.g., Braunstein v. Eastern Photographic Laboratories, Inc., 600 F.2d 335 (2d Cir.1978), cert. denied, 441 U.S. 944, 99 S.Ct. 2162, 60 L.Ed.2d 1046 (1979); see also, Woods v. New York Life Ins. Co., 686 F.2d 578 (7th Cir.1982); Allen v. Marshall Field & Co., 93 F.R.D. 438 (N.D.Ill.1982). This Court has not yet addressed the notice issue.
 
 
 7
 We may not reach the merits of Xerox's claims, at least at this time, however, unless we have jurisdiction to entertain the appeal. An order conditionally certifying a class and authorizing notice is clearly not a final judgment terminating the litigation. Thus, we do not have jurisdiction to consider the appeal under the final-judgment rule of 28 U.S.C. Sec. 1291 (1982). The district court declined to certify an interlocutory appeal under 28 U.S.C. Sec. 1292(b) (1982), and a previous panel of this Court denied Xerox's petition for mandamus challenging that decision. Consequently, the order is appealable only if it comes within the "collateral order" exception to the final-judgment rule. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
 
 
 8
 "To come within the 'small class' of decisions excepted from the final-judgment rule by Cohen, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); see also, Rodgers v. United States Steel Corp., 508 F.2d 152, 159 (3d Cir.), cert. denied, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975). We have consistently construed the Cohen exception narrowly rather than expansively. See Rodgers, 508 F.2d at 159. Each of the three separate requirements listed above must be met before collateral order review is appropriate. Yakowicz v. Commonwealth of Pa., 683 F.2d 778, 783 (3d Cir.1982).
 
 
 9
 Strict construction of the Cohen rule is designed to further the long-standing Congressional policy against piecemeal appeals which underlies the final judgment rule. See, e.g., Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 480, 98 S.Ct. 2451, 2453, 57 L.Ed.2d 364 (1978). The final judgment rule serves a number of salutary purposes. See Flanagan v. United States, --- U.S. ----, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984). It is intended to ensure efficient administration of scarce judicial resources. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974). It facilitates maintenance of "the appropriate relationship between [trial and appellate] courts." Coopers & Lybrand, 437 U.S. at 476, 98 S.Ct. at 2462, quoting Parkinson v. April Industries, Inc., 520 F.2d 650, 654 (2d Cir.1975). In addition, in cases where the litigants may have unequal economic resources, it protects the judicial process and its participants from the delay which can prove advantageous to a well-financed litigant, and fatal to the less well-endowed.
 
 
 10
 Xerox seeks to appeal two issues: (1) the conditional certification of an across-the-board opt-in class; and (2) the order directing Xerox to provide the names and addresses of all potential members of the class and authorizing plaintiff to send notices to each.
 
 A.
 
 11
 We have previously determined that an "order postponing class action determination and [an] order staying all proceedings" are not appealable under Cohen. Id. Rodgers, 508 F.2d at 159. The Supreme Court and this Court have held that a class action determination, affirmative or negative, is also not appealable under Cohen. Coopers & Lybrand, 437 U.S. at 469, 98 S.Ct. at 2458; cf. DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir.1982).
 
 
 12
 Xerox argues that because this action is governed by the ADEA, and not Fed.R.Civ.P. 23, Coopers & Lybrand and DeMasi have no bearing upon an appeal of an ADEA conditional class certification.[3] It maintains that unless all the appellate remedies available to Rule 23 opt-out class actions are available to ADEA opt-in classes, the Rule 23 cases are distinguishable. This argument assumes, however, that the only reason that Rule 23 determinations are not appealable under Cohen is because they can be redressed effectively at final judgment. But in Coopers & Lybrand, the Supreme Court gave three reasons why a Rule 23 class certification is not appealable, corresponding to the three prongs of the Cohen standard: (1) the order is subject to revision by the district court; (2) the determination is often enmeshed in the factual and legal issues of plaintiff's claim on the merits; and (3) there is effective review at final judgment. 437 U.S. at 469, 98 S.Ct. at 2458. The presence of any one of these factors would be sufficient to deny appealability under Cohen. Yakowicz, 683 F.2d at 783.
 
 
 13
 Even conceding arguendo that Xerox is correct as to the ineffectiveness of appellate remedies after final judgment by the district court, but cf. infra, the conditional class certification here fails to meet the first prong of the Cohen rule, because it is subject to revision by the district court. The district court specifically made certification conditional, and notified counsel and all potential class members of the possibility of future decertification. The conditional certification can in no way be termed a final disposition of the class action issue. "So long as there is a plain prospect that the trial court may itself alter the challenged ruling, there is little justification for immediate appellate intrusion." 15 C. Wright & A. Miller, Federal Practice & Procedures, Sec. 3911, p. 470 (1976); cf. Kershner v. Mazurkiewicz, 670 F.2d 440, 449 (3d Cir.1982) (in banc) ("An appellate court decision to assume jurisdiction over a class certification order, for example, which 'may be altered or amended before a decision on the merits,' ... is--in the absence of extraordinary circumstances--a usurpation of the district court's role.") Thus, appellants have failed to meet the first requirement of the Cohen exception.
 
 
 14
 Moreover, with respect to the third Cohen factor, Xerox has failed to demonstrate what irreparable harm it will suffer if it fails to obtain review of the class certification issue before final judgment. If the class is ultimately decertified, Xerox asks, what will become of the opt-in parties' claims? But whether relief is afforded now or later, the likely result, should Xerox prevail, would be a revocation of the consents, a tolling of the statute of limitations, and a notice to the parties that they may proceed individually. See, e.g., Partlow v. Jewish Orphans Home, 645 F.2d 757 (9th Cir.1981). The harm to Xerox from a later rather than an earlier decision would be the expense of litigating the class action in the interim. The expense of litigation, however, as burdensome as it may be, does not constitute irreparable harm. Renegotiations Bd. v. Bannecraft Clothing Co., 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974). If the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule.
 
 B.
 
 15
 The order compelling Xerox to provide a mailing list and authorizing plaintiffs to send notice is also not an appealable collateral order. The requirement that Xerox provide a mailing list is essentially a discovery device. App. at 239-40. Discovery rulings are interlocutory in nature, and are generally not appealable before final judgment on the merits. In re Comer, 716 F.2d 168, 172 (3d Cir.1983); Borden Co. v. Sylk, 410 F.2d 843, 845-46 (3d Cir.1969). Unlike the defendants in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), Xerox makes no claim that production of the mailing list was burdensome. Xerox' only complaint is that use of the list will serve to notify many of its past and present employees that they may join a pending age discrimination action.
 
 
 16
 Thus, Xerox' real complaint is with the notice that potential class members received. The form and content of a notice to a class is generally not subject to "collateral order" review. In re Corrugated Container Antitrust Litigation, 611 F.2d 86 (5th Cir.1980). In Corrugated Container, defendants sought appellate review of orders concerning the content of a notice to absent class members. The Fifth Circuit found the issue non-appealable. Judge Johnson's characterization of defendants' claims on appeal applies equally to Xerox' argument here:
 
 
 17
 defendants primarily contend that the notice as ordered by the district court would serve as a "virtual advertisement for the assertion of claims" ... defendants contend they will be prejudiced by a swelling in the ranks of class plaintiffs and, accordingly, trial strategy and the settlement value of the case will be distorted. Every trial court decision affects trial court strategy. Defendants have failed to articulate an "important" interest within the scope of the Cohen rule.
 
 
 18
 611 F.2d at 88, see also, Weit v. Continental Ill. Nat'l. Bank & Trust Co., 535 F.2d 1010, 1014-15 (7th Cir.1976).
 
 
 19
 As with class decertification, Xerox has failed to demonstrate that it will receive any less effective relief upon appeal from final judgment than upon immediate appeal. In both instances, relief, if granted, would likely take the form of a revocation of consents, a countermanding notice, and a tolling of the statute of limitations for the filing of individual suits. Whether such relief is afforded now or later, the harm that Xerox complains of is complete: several thousand potential victims of age discrimination have been notified of their right to file a lawsuit against Xerox. Even if we were inclined to redress this "harm," it could be no more effectively remedied now than later.
 
 
 20
 As this Court observed some fifteen years ago in Borden Co. v. Sylk, 410 F.2d 843 (3d Cir.1969):
 
 
 21
 Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept the appellant's view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters. It would constitute the courts of appeals as second-stage motion courts.
 
 
 22
 410 F.2d at 846.
 
 III.
 
 23
 Xerox' appeal fails to meet the carefully calibrated requirements of the collateral order exception, and therefore the appeal will be dismissed for want of jurisdiction. Costs will be taxed against appellant.
 
 
 
 [1]
 The conditionally certified class was defined as follows:
 All salaried employees in the forty (40)-seventy (70) age group who in the period May 1, 1980 through March 31, 1983 have been terminated or required to retire from employment at an age less than seventy or have been denied equal employment opportunities for promotion at any unit, division or American subsidiary of Xerox Corporation and who contend that such termination, retirement or denial of promotion was caused by age discrimination policies or practices of Xerox Corporation.
 App. at 352.
 
 
 [2]
 The district court directed that plaintiffs would bear the cost of the mailing of the notices, consents, and questionnaires. The court declined to certify for interlocutory appeal the conditional class certification and notice aspects of the order
 
 
 [3]
 The critical difference between an ADEA class action and a Rule 23 class action is that the former requires each class member to opt in as a party plaintiff, while the latter includes in its ambit all absent class members who do not affirmatively opt out