

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-1997

# Christy v. Horn

Precedential or Non-Precedential:

Docket 96-9004

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Christy v. Horn" (1997). *1997 Decisions.* Paper 120.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 5, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-9004

LAWRENCE DUANE CHRISTY,

Appellee

v.

MARTIN F. HORN, COMMISSIONER, PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; JAMES S. PRICE,
SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION
AT GREEN; JOSEPH MAZURKIEWICZ,
SUPERINTENDENT, STATE CORRECTIONAL INSTITUTION
AT ROCKVIEW,

Appellants

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 96-37J)

Argued March 21, 1997

Before: BECKER, NYGAARD and ROTH, Circuit Judges.

(Opinion Filed June 5, 1997)

Christian A. Fisanik, (Argued)
Chief Deputy, Appellate Div.
Office of the Cambria County
District Attorney
Ebensburg, Pa. 15931

Counsel for the Appellants

John Unkovic, Esq. (Argued)
Reed Smith Shaw & McClay
435 Sixth Avenue
Pittsburgh, Pa. 15219

W. Thomas McGough Jr., Esq.
Reed Smith Shaw & McClay
435 Sixth Avenue
Pittsburgh, Pa. 15219

Counsel for the Appellee

David Wycoff, Esq.
Defender Association of
Philadelphia - Federal Court
Division
437 Chestnut Street, Suite 510
Philadelphia, Pa. 19106

Counsel for Amicus Curiae,
Defender Association of
Philadelphia - Federal Court Div.

Robert Brett Dunham, Esq.
Center for Legal Education,
Advocacy & Defense Assistance
437 Chestnut Street, Suite 501
Philadelphia, Pa. 19106

Billy H. Nolas, Esq.
Center for Legal Education
Advocacy & Defense Assistance
437 Chestnut Street, Suite 501
Philadelphia, Pa. 19106

Counsel for Amicus Curiae,
Center for Legal Education,
Advocacy & Defense Assistance

**OPINION OF THE COURT**

NYGAARD, <u>Circuit Judge</u>.

The district court granted the Appellee, Lawrence Duane Christy, a stay of execution and held his federal habeas petition in abeyance pending exhaustion of a particular issue in state court. Arguing that the district court did not have the authority to hold the Appellee's habeas petition in abeyance, the Commonwealth of Pennsylvania has appealed.

I.

On February 15, 1996, the Governor of Pennsylvania signed a warrant scheduling the Appellee's execution for March 12, 1996. Christy asked the district court for permission to proceed <u>in forma pauperis</u>, for counsel to be appointed to assist him in preparing a habeas petition and for a stay of his scheduled execution. On February 21, 1996, the district court appointed new counsel and gave them ninety days to file a habeas petition on Christy's behalf. The district court also stayed Christy's execution date. <u>See</u> 21 U.S.C. § 848(q)(4)(B); 28 U.S.C. § 2251; <u>McFarland v. Scott</u>, 114 S. Ct. 2568 (1994). Counsel filed Christy's habeas petition on April 17, 1996.

The day before Christy's petition was filed, the United States Supreme Court announced its decision in <u>Cooper v. Oklahoma</u>, 116 S. Ct. 1373 (1996). In <u>Cooper</u>, the Supreme Court held that a state violates a defendant's right to due process if it requires the defendant to bear the burden of establishing by clear and convincing evidence his incompetency to stand trial. <u>Id</u>. Due no doubt to the diligence of counsel, Christy's habeas petition included a claim alleging that the Commonwealth of Pennsylvania violated his constitutional rights under <u>Cooper</u>.

The Commonwealth of Pennsylvania answered Christy's petition on July 16, 1996, and asserted that Christy had failed to exhaust his state court remedies for the purported <u>Cooper</u> error. On August 9, 1996, Christy asked the district

3

court to hold his habeas petition in abeyance while he returned to state court to exhaust his Cooper claim. Over the opposition of the Commonwealth, the district court granted the abeyance motion and also kept the stay of execution in effect while Christy proceeded in state court. The Commonwealth now appeals. This case presents a number of important questions, not the least of which is whether we have jurisdiction to review this order in the first place.

II.

28 U.S.C. § 1291 usually limits our appellate jurisdiction to reviewing final decisions of the district courts. Martin v. Brown, 63 F.3d 1252, 1256 (3d Cir. 1996). A judgment is final only when there is a "decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Bryant v. Stevens, 57 F.3d 308, 311 (3d Cir. 1995); see also Isador Paiewonsky and Assoc. v. Sharp Properties Inc., 998 F.2d 145, 150 (3d Cir. 1993). In other words, a final order is one which leaves the district court with "nothing to do." See Farmer v. McDaniel, 98 F.3d 1548, 1552 (9th Cir. 1996). The dispositive inquiry is whether the order appealed from finally resolved the case below. See Presbytery of N.J. Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 (3d Cir. 1994).

The order appealed from here is not a final order. The district court ordered that "adjudication of the petition for writ of habeas corpus shall be held in abeyance pending his exhaustion of state court remedies" and that "the stay of execution entered by this court on February 21, 1996 be and hereby is continued in effect until further order of this court." Clearly, this order does not resolve the habeas case. It is not dispositive of any issue raised in Christy's habeas petition. The district court expressly indicates the transient nature of the order by indicating it will only remain in effect until "further order of this court."

The Commonwealth tacitly agrees that this is not a final order by arguing that we have jurisdiction pursuant to the "collateral order" doctrine first announced in Cohen v.

4

Beneficial Indus. Loan Co., 337 U.S. 541, 69 S. Ct. 1221 (1949). In Cohen, the Supreme Court held that a "small class" of collateral orders are final and appealable under 28 U.S.C. § 1291 even though they do not terminate the underlying litigation. 337 U.S. at 546, 69 S. Ct. at 1225-26. The case law on the collateral order doctrine is extensive and its requirements are clear. We can review a collateral order that (1) finally resolves a disputed question; (2) raises an important issue distinct from the merits of the case; and (3) is effectively unreviewable on appeal from a final judgment. Praxis Properties v. Colonial Sav. Bank SLA, 947 F.2d 49, 54 (3d Cir. 1991); see also In re Ford Motor Company, 1997 WL 164190 (3d Cir. April 9, 1997). Failure to meet any of these requirements precludes a finding of appellate jurisdiction. United States v. Bertoli, 994 F.2d 1002, 1012 (3d Cir. 1993).

The Supreme Court has repeatedly referred to the collateral order doctrine as a "narrow exception" to the final judgment rule. See, e.g., Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 430, 105 S. Ct. 2757, 2760-61 (1985). We have followed this admonition and construed the doctrine narrowly "lest the exception swallow up the salutary general rule that only final orders be appealed." Yakowicz v. Pennsylvania, 683 F.2d 778 n.10 (3d Cir. 1982); see also Transtech Indus., Inc. v. A&Z Septic Clean, 5 F.3d 57 (3d Cir. 1993) ("We have followed the Supreme Court's admonition and have consistently construed the Cohen exception narrowly rather than expansively.").

Moreover, strict construction of the collateral order doctrine is designed to further the longstanding congressional policy against piecemeal appeals which underlies the final judgment rule. See Lusardi v. Xerox Corp., 747 F.2d 174, 177 (3d Cir. 1984).[1] To guard against the temptation to expand the doctrine's reach, the Supreme

_____

1. In Lusardi, we stated that the final judgment rule serves a number of purposes including the efficient administration of scarce judicial resources, maintenance of the appropriate relationship between the trial and appellate courts, and the protection of the judicial process and its participants from the delay which can prove advantageous to a well-financed litigant. 747 F.2d at 177 (citations omitted).

Court has instructed that the question of whether or not an order is immediately appealable should be decided for the entire category to which the order in question belongs. Digital Equip. Corp. v. Desktop Direct Inc., 511 U.S. 853, 855, 114 S. Ct. 1992, 1994 (1994). Therefore, we now decide the question of whether an order which holds a habeas appeal in abeyance and stays an execution is immediately appealable.

A. Conclusiveness

To pass the first prong of the collateral order doctrine test, the order appealed from must "finally resolve a disputed question." Praxis Properties, 947 F.2d at 54. This inquiry has been labeled the "conclusiveness prong." Id. In determining whether an order "conclusively determines the disputed questions," the Supreme Court has contrasted two types of orders: those which are "inherently tentative" and those which are "technically amendable, but made with the expectation that they will be the final word on the subject addressed." See Gulfstream Aerospace v. Mayacamas Corp., 485 U.S. 271, 277, 108 S. Ct. 1133, 1137 (1987).

Although we are aware of no case that bears directly on the issue whether an order holding a habeas petition in abeyance is conclusive for purposes of the collateral order doctrine, we draw instruction from two Supreme Court cases addressing the question of whether an order granting a Colorado River stay2 is conclusive. In Moses H. Cone Mem'l. Hosp. v. Mercury Construction Corp., 460 U.S. 1, 103 S. Ct. 927 (1983), the Supreme Court held that a district court order granting a Colorado River stay was expected to be the final word on the subject and thus satisfied the "conclusiveness" prong of Cohen. The Court reasoned that an order granting such a stay necessarily contemplated that the federal court will have nothing further to do in resolution of any substantive part of the case because a

_____

2. In Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976), the Supreme Court held that in "exceptional circumstances," a federal district court may stay or dismiss an action solely because of the pendency of similar litigation in state court. 424 U.S. at 818, 96 S. Ct. at 1246.

district court can invoke Colorado River only if it first determines that the parallel state proceeding will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. 460 U.S. at 28, 103 S. Ct. at 943. Thus, the Supreme Court concluded that such an order meant that the district court had no reason to reconsider its decision.

In contrast to the Cone decision, the Supreme Court has held that an order denying a Colorado River stay is "inherently tentative." In Gulfstream Aerospace, the Court explained that a district court usually will revisit and reassess an order denying a Colorado River stay in light of subsequent events that occur during the course of the litigation. 485 U.S. at 278, 108 S. Ct. at 1137-38 (citations omitted). If an order is not entered "with the expectation that it will be the final word on the subject addressed," it is not immediately appealable. Id. We believe that the order appealed from here is more akin to type of order appealed from in the Cone case. The reasoning of Cone and Gulfstream Aerospace is helpful here, at least by analogy. The determination in those cases of conclusiveness of the stay order effectively turned on whether a "revision [of the order] might reasonably be expected in the ordinary course of the litigation." Cone, 460 U.S. at 12 n.14, 103 S. Ct. at 935 n. 14.

At all events, the issue before us on appeal is a discrete legal question -- whether the district court may properly hold a habeas appeal in abeyance while a petitioner exhausts certain claims in state court. The order appealed from herein resolves that question in the affirmative. Christy argues that the district court's order holding his habeas petition in abeyance and staying his execution was "inherently tentative." Christy reasons that the district court's order was not made with the expectation that it will be the final word on the subject addressed. Christy misconstrues the first prong of Cohen. Although the district court's order may not have been the final word on the merits of the habeas petition, it did conclusively determine the discreet legal question that is the subject of this appeal. See Praxis Properties, 947 F.2d at 56. Having determined that it may exercise such authority over an unexhausted

7

habeas petition, we cannot perceive of any circumstances in which the district court would revisit the question. Because the district court undoubtedly expected that its order would resolve the question of whether it may hold an unexhausted habeas petition in abeyance, we conclude that the "conclusiveness prong" of the collateral order is satisfied.

B. Importance/Separateness

The Commonwealth maintains that the district court's order holding Christy's habeas petition in abeyance "resolves an important issue completely separate from the merits of the action." Christy submits that the order appealed from merely deferred resolution of the petition and did not resolve any important issue. The Supreme Court has instructed that the "importance of the right asserted has always been a significant part of [the] collateral order doctrine." Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 504, 109 S. Ct. 1976, 1980 (1989). Therefore, we must assure ourselves that the issue presented herein is important enough to merit immediate appeal. See Praxis Properties, 947 F.2d at 56.

We have held that the "importance/separateness prong" of Cohen contemplates orders that are important in a jurisprudential sense. See Praxis Properties, 947 F.2d at 56 (citing Nemours Found. v. Manganaro Corp., 878 F.2d 98, 100 (3d Cir. 1989)). The question whether a district court may hold an unexhausted habeas petition in abeyance pending resolution in state court of certain claims remains unsettled. While some of our district courts have found such authority, See Beasley v. Fulcomer, No. 90-4711, 1991 U.S. Dist. LEXIS 5408 (E.D. Pa. Apr. 22, 1991); Edwards v. Horn, No. 1:CV-95-1876 (M.D. Pa. Feb. 21, 1996), Szuchon v. Lehman, No. 94-195E (W.D. Pa. Feb. 6, 1995), another circuit has determined that district courts lack the authority to hold such petitions in abeyance, Victor v. Hopkins, 90 F.3d 276 (8th Cir. 1996). Given the important nature of capital habeas cases in general, we conclude that this appeal presents an issue that is "important enough in a jurisprudential sense to require an immediate

8

interlocutory appeal." Nemours Foundation, 878 F.2d at 101.

In addition to determining whether this appeal presents an "important" issue, we also must decide whether the order appealed from is separate from the merits of the underlying action. This "separateness" requirement derives from the policy against piecemeal appeals. Cone, 460 U.S. at 12 n.13, 103 S. Ct. at 945 n.13 (citations omitted). We do not believe that the order appealed from here involves "considerations that are enmeshed in the factual and legal issues comprising the [petitioner's] cause of action." Coopers and Lybrand v. Livesay, 437 U.S. 463, 469, 98 S. Ct. 2454, 2458 (1978). The order appealed from and the precise legal issue it presents will not thrust us into the merits of the underlying habeas petition. Here, we are asked only to determine the propriety of a district court order which keeps an unexhausted habeas petition in abeyance while the petitioner returns to state court to exhaust certain claims. Such a determination is sufficiently ancillary to the underlying action that we need not become "enmeshed" in the merits of the dispute. We therefore conclude that the order appealed from satisfies the "separateness prong" of the collateral order doctrine.

C. Unreviewability

Last, to be appealable under the collateral order doctrine, an order must be such that review postponed will ultimately be review denied. See Praxis Properties, 947 F. 2d at 58; Zosky v. Boyer, 856 F.2d 554, 561 (3d Cir. 1988). An order is effectively unreviewable if the order involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." Lauro Lines, 490 U.S. at 499, 109 S. Ct. at 1978 (citations omitted). The Commonwealth argues that by permitting the petitioner to return to state court and exhaust particular issues, the order effectively destroys any appellate review of its appropriateness. We agree. If we do not review the matter at this juncture, the Petitioner will have returned to state court and exhausted his claims, thereby presenting the district court with an exhausted habeas petition and rendering the appropriateness of the district court's stay

9

and abeyance ruling unreviewable. We therefore find that the district court's order holding the habeas petition in abeyance is "effectively unreviewable" on appeal from a final judgment in this case.

In summary, we find that the district court's order holding Christy's habeas petition in abeyance pending exhaustion of state court remedies satisfies all the requirements of the collateral order doctrine and, as such, is an appealable order within the meaning of 28 U.S.C. § 1291. Having determined that we have the requisite jurisdiction, we now turn to the merits of this appeal. Our review is plenary. Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993).

III.

28 U.S.C. § 2254 instructs a federal court to refuse a state prisoner's habeas petition unless "it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b) (1988). This "exhaustion requirement" is primarily grounded in the "respect which federal courts have for the state judicial processes and upon the administrative necessities of the federal judiciary." Wade v. Mayo, 334 U.S. 672, 679, 68 S. Ct. 1270, 1274 (1948). In Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court applied these principles to a case which involved a "mixed" habeas petition -- a petition which contained both exhausted and unexhausted claims. The Court held that "because the rule requiring exhaustion of all claims furthers the purposes underlying the habeas statute . . . a district court must dismiss such `mixed petitions.' " Id. at 510, 102 S. Ct. at 1199. The Court clearly warned habeas litigants: "[B]efore bringing any claims to federal court, be sure to first take each issue to the state court." Id. at 520, 102 S. Ct. at 1204. However, this "total exhaustion" rule is not an inflexible barrier to federal court jurisdiction, but a rule of comity. Strickland v. Washington, 466 U.S. 468, 684, 104 S. Ct. 2052, 2063 (1984). The Supreme Court has indicated that, although there is a strong presumption in favor of exhaustion, there are also "limited circumstances under which the failure [to exhaust] will not act as a complete bar

10

to federal habeas review." Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir. 1987) (citing Granberry v. Greer, 481 U.S. 129, 107 S. Ct. 1671 (1987)). We recognize that in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim. See Victor v. Hopkins, 90 F.3d 276, 279 (8th Cir. 1996) (quoting Ex parte Royall, 115 U.S. 241, 252, 6 S. Ct. 734, 740-41 (1886)); Ex parte Hawk, 321 U.S. 114, 117, 64 S. Ct. 448, 451 (1944). The Supreme Court has instructed that federal courts are to "exercise discretion in each [habeas] case to decide whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." Granberry, 481 U.S. at 131, 107 S. Ct. at 1673. Such circumstances exist when, for example, state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be "futile." Id.; see also Slayton v. Smith, 404 U.S. 53, 92 S. Ct. 174 (1971) (absent special circumstances, federal courts should dismiss habeas petitions which contain unexhausted claims).

Christy and Amici argue that such "unusual circumstances" exist where the dismissal of a mixed petition creates a risk that the petitioner will be executed before his or her federal claims can be litigated in federal court. They submit that should his petition be dismissed, Christy will be without the protection of a federal stay and available to the Commonwealth for execution. We partly agree and would never knowingly permit Christy's execution while his federal constitutional claims are still being litigated. We caution, however, that the mere risk that Pennsylvania courts will not stay the execution cannot amount to an "unusual circumstance." The appropriate inquiry must be whether an execution is "imminent." In this case, Christy's original execution was scheduled for March 12, 1996. On February 21, 1996, the district court granted Christy a stay and gave newly appointed counsel ninety days to prepare and file a habeas petition. When Christy filed his habeas petition on April 18, 1996, his execution date had lapsed. His execution was no longer imminent because the original execution warrant had expired and no new warrant was ever issued. Pennsylvania

11

law requires the reissuance of the warrant upon vacation of the federal stay and also permits the Pennsylvania courts to grant another stay for post-conviction purposes upon a finding that "the petitioner makes a strong showing of likelihood of success on the merits." 42 Pa.C.S.A. § 9545(c)(2). Moreover, in this case, the Office of the General Counsel to the Governor of Pennsylvania has assured us via letter submitted March 19, 1997, that Christy will not be executed during the pendency of this new round of post-conviction proceedings. Syndi L. Guido, Deputy General Counsel to the Governor, indicated that "warrants are not signed while litigation is pending or during any unexpired appeal period."

To excuse exhaustion and grant a stay and abeyance motion, the proper inquiry must be whether an execution is "imminent." In deciding whether to grant a "stay and abeyance" motion or whether to review a mixed petition, district courts must focus not on the risk but on the actuality that state courts will refuse to stay an execution while federal claims are pending. If a state court has refused to grant a stay pending its adjudication of a prisoner's federal constitutional claims, such action by the district court would be appropriate.

We do not think Christy has demonstrated the "imminent" nature of his execution. Neither side has presented us with any evidence that the Commonwealth would countenance the execution of a prisoner in Christy's circumstances. Therefore, Christy has not demonstrated "one of those rare cases where exceptional circumstances of peculiar urgency are shown to exist," permitting us to disregard the exhaustion requirement. See United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925).3

_____

3. We point out that the Commonwealth may waive exhaustion of the Cooper claim, thereby permitting the district court to review the petition as filed. The district court is not required, however, to accept a waiver and may require state court exhaustion. See Thompson v. Wainwright, 714 F.2d 1495, 1500-01 (11th Cir. 1983); Graham v. Johnson, 94 F.3d 958, 970 (5th Cir. 1990).

12

IV.

Because execution is no longer imminent in this case, we will remand to the district court with instructions to dismiss. The district court's dismissal raises a question of whether any subsequent habeas filings on Christy's behalf will be considered "successive" and whether, pursuant to the dictates of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, Title I, § 106, 110 Stat. 1214, 1220-21 (1996) [hereinafter "AEDPA"], Christy would be required to seek authorization from the court to file a petition for habeas corpus. We hold that when a prior petition has been dismissed without prejudice for failure to exhaust state remedies, no such authorization is necessary and the petitioner may file his petition in the district court as if it were the first such filing.

Section 6 of the AEDPA amends 28 U.S.C. § 2244 to forbid any "second or successive" petition for collateral relief without the consent of the court of appeals. 28 U.S.C. § 2244(b)(3)(E). The AEDPA instructs courts of appeals to grant this authorization only if the applicant makes a prima facie showing that the application satisfies the requirements for second or successive applications. 28 U.S.C. § 2244(b)(3)(C). While the AEDPA requires this procedure for second or successive application, it does not define what is meant by "second" or "successive."

Before the AEDPA amendments took effect, a petition filed after a previously submitted petition was dismissed without prejudice was not considered an abuse of the writ. See e.g. Woods v. Whitley, 933 F.2d 321, 322 n.1 (5th Cir. 1991); Hamilton v. Vasquez, 882 F.2d 1469, 1473 (9th Cir. 1989); Jones v. Estelle, 722 F.2d 159, 168 (5th Cir. 1983); Camarano v. Irvin, 98 F.3d 44, 46 (2d Cir. 1996). The abuse of the writ doctrine is deeply rooted in the need for finality and the concerns of comity. See McCleskey v. Zant, 499 U.S. 467, 491-92, 111 S. Ct. 1454, 1469 (1991). The problems that the abuse of the writ doctrine seeks to avoid are not implicated when a petition is filed after a prior petition is dismissed for lack of exhaustion. See Sanders v. United States, 373 U.S. 1, 17, 83 S. Ct. 1068, 1078 (1963) (holding that the doctrine of writ abuse is not implicated if "the same ground was earlier presented but not adjudicated

13

on the merits"). Moreover, as one court has observed, "dismissal without prejudice of an entire petition -- including exhausted claims -- for failure to exhaust certain claims promotes the policies underlying the doctrine." Camarano, 98 F.3d at 46. Such a dismissal serves the interests of finality by discouraging piecemeal litigation. Id. Additionally, encouraging exhaustion promotes harmony between the federal and state judicial systems by giving the state courts the first opportunity to review state convictions and to correct constitutional errors.

V.

We will vacate and remanded to the district court with instructions for it to dismiss the petition.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

14