United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2005**

Charles R. Fulbruge III
Clerk

REVISED MARCH 29, 2005

In the
# United States Court of Appeals
for the Fifth Circuit

_____

m 04-10819
Summary Calendar

_____

LINDSEY BALDRIDGE; IRIS ELAINE MOSLEY; CINDY OPAITZ; LINDA SAUNDERS;
SUSAN MIMMS; LEROY DURAN; FRANK BRISENO; JAMES BULLS; ROYCE GLENN;
MICHAEL WATKINS; STEVEN MADRID; LINDA SAN PEDRO,

Plaintiffs-Appellees,

VERSUS

SBC COMMUNICATIONS, INC.,
A DELAWARE CORPORATION;
CINGULAR WIRELESS LLC,
A DELAWARE LIMITED LIABILITY COMPANY,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Texas

_____

Before DAVIS, SMITH, and DENNIS,
    Circuit Judges.

JERRY E. SMITH, Circuit Judge:

The defendants seek an interlocutory appeal of a class certification order under 29 U.S.C. § 216(b), which is part of the Fair Labor Standards Act ("FLSA"). We dismiss for want of appellate jurisdiction. The collateral order exception to the final judgment rule is inapplicable, because the question of § 216(b) class certification has not yet been conclusively determined and is still subject to revision by the district court.

I.

The plaintiffs, employees of Cingular Wireless LLC ("Cingular Wireless"), filed an action for overtime pay under the FLSA. After discovery had commenced, the district court certified the case as a collective action under § 216(b), then modified the certification by drastically narrowing the scope of the class. The court declined to certify an interlocutory appeal under 28 U.S.C. § 1292(b) and has scheduled a date to consider a motion for decertification of the class.

II.

We are presented with the *res nova* issue of whether we have appellate jurisdiction over a § 216(b) class certification order pursuant to the "collateral order" exception to the final judgment rule of 28 U.S.C. § 1291, derived from *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541 (1949). As a threshold matter, an order conditionally certifying a class and authorizing notice is not a final decision, terminating the litigation and allowing appeal under § 1291. "To come within the 'small class' of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question,

resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Only "serious and unsettled question(s)" come within the meaning of the *Cohen* rule, and it is a strictly construed doctrine.[1]

In *Coopers & Lybrand*, *id.* at 469, the Court refused to extend the *Cohen* collateral order doctrine to cover class certification questions, finding *inter alia* that a Federal Rule of Civil Procedure 23 class certification decision does not conclusively determine the disputed question, because the order is subject to revision in the district court. Similarly, in *Lusardi v. Xerox Corp.*, 747 F.2d 174, 175, 177-78 (3d Cir. 1984), the court extended *Coopers & Lybrand* to certification decisions under § 7(b) of the Age Discrimination in Employment Act of 1967, which incorporates the language of § 216(b) in establishing its collective action provisionSSsimilarly finding that the certification order lacked conclusiveness because it was subject to revision and possible decertification.

Just as in *Coopers & Lybrand* and *Lusardi*, the class certification order here is subject to revision before the district court addresses the merits.[2] As we have noted, the court has

_____

[1] *Cohen*, 337 U.S. at 547; *In re Corrugated Container Antitrust Litig.*, 611 F.2d 86, 89 (5th Cir. 1980).

[2] Cingular Wireless argues that *Coopers & Lybrand* does not apply because it involved a decision to decertify, rather than certify, a class. Although it is true that the Court was reviewing a decertification order, the Court made the broad statement that "[a]n order passing on a request for class certifica-

(continued...)

already used its discretion to modify the original certification order to limit the scope of the class and has scheduled a date to consider decertification before trial begins.[3]

The defendants correctly point out that the holding in *Coopers & Lybrand* is abrogated to the extent that the subsequently enacted Federal Rule of Civil Procedure 23(f) specifically allows for interlocutory review of class certification decisions at the discretion of the respective courts of appeals under rule 23.[4] But, as the district court observed, this case involves a "garden-variety" § 216(b) FLSA action and is not a rule 23 class action, so rule 23(f) is inapplicable.

Although the holding of *Coopers & Lybrand* may have been abrogated by the enactment of rule 23(f), the Court's reasoning is persuasive of the method by which we shou-

---

ld analyze the application of *Cohen* to questions of class certification in the absence of such a procedural rule or similar legislative enactment. That is the situation with which we are confrontedSSall we have before us is the final judgment rule of § 1291, the FLSA collective action provision, and *Cohen*.

The defendants also argue at length that we should look persuasively at the policies behind rule 23(f) when analyzing whether the *Cohen* doctrine applies to confer jurisdiction over their attempted appeal. After noting the vast expenses they anticipate in defending this class action suit, they point to several cases from other circuits [5] that consider costs and pressures on the defendant to settle as important factors appellate courts should consider in deciding whether to grant interlocutory review under rule 23(f), based on the committee notes accompanying the rule.

Although such policy concerns may be proper for legislative attention, they are irrelevant to the issue of whether the *Cohen* collateral order exception applies. *Coopers & Lybrand*, 437 U.S. at 470. Outside the rule 23 context, "[i]f the expense of litigation were a sufficient reason for granting an exception to the final judgment rule, the exception might well swallow the rule." *Lusardi*, 747 F.2d at 178. Any policy justifications are not relevant to § 216(b) collective actions in the absence of an applicable procedural rule or act of Con-

---

[2](...continued)
tion does not fall in [the] category" of "the 'small class' of decisions excepted from the final-judgment rule by *Cohen*." *Coopers & Lybrand*, 437 U.S. at 468-69.

[3] Although the defendants may be correct in noting that the burden of persuasion shifts from plaintiffs (to show the merits of certification) to defendants (to show the merits of decertification), the difference is irrelevant. A decertification decision would be a *revision* of the original order, so concerns regarding differing burdens of proof do not overcome the overriding interests of the final-judgment ruleSSpreventing "the hazard [of] piecemeal appeals [that] burden the efficacious administration of justice and unnecessarily protract litigation." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1094 (5th Cir. 1977).

[4] Moreover, although *Lusardi* did not deal with certification orders under rule 23, it relied on the logic of *Coopers* and pre-dated the enactment of rule 23(f).

[5] *Prado-Steiman v. Bush*, 221 F.3d 1266, 1272 (11th Cir. 2000) ("[A]n appeal ordinarily should be permitted when the grant of class status raises the stakes of the litigation so substantially that the defendant likely will feel irresistible pressure to settle.") (quoting *Waste Management Holdings, Inc., v. Mowbray*, 208 F.3d 288, 293 (1st Cir. 2000)); *see also Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834 (7th Cir. 1999).

gress.[6]  Accordingly, because the question of class certification has not yet been conclusively determined, the *Cohen* collateral order exception to § 1291 is inapplicable.

The appeal is DISMISSED for want of jurisdiction.[7]

---

[6] A critical difference between a § 216(b) class action and a rule 23 class action is that the former requires each class member to opt in as a party plaintiff, but the latter includes all absent class members who do not affirmatively opt out.  Consequently, Congress could rationally conclude that the default rule allows rule 23 certification orders, on average, to result in larger, more financially onerous classes, thereby giving stronger policy justification for a special procedural rule allowing interlocutory appeals of those orders and trumping the final judgment rule of § 1291.

[7] The plaintiffs have requested sanctions under Federal Rule of Civil Procedure 38 and our local rules.  Because this appeal is not frivolous, we deny the request.